John McIntyre and others, Appellants, *v.* Benjamin Clapp, Respondent.

To exclude evidence offered by the defendant tending to maintain one of the issues tendered by him, upon the hypothesis that, if the jury should believe certain evidence offered by the plaintiff to be true, then the defendant would be estopped from setting up and maintaining such issue, is erroneous.

It is erroneous for the court to assume as true what belongs to the jury to ascertain, and then make that assumption the basis of excluding testimony otherwise legitimate and proper.

THIS action was brought by the plaintiffs as copartners, to recover an account against the defendant for storing potatoes as warehousemen for him, and services in and about the same. The defendant sets up four defenses, the last of which is, that the potatoes were stored under a *special contract*, by which they were to be safely kept and stored for a certain reasonable reward and compensation, to be paid to the plaintiffs; that the plaintiffs promised safely to keep them in good condition, and deliver them on request. He then alleges the plaintiffs' carelessness and negligence in respect thereto; that the defendant's potatoes were thereby injured by frost or otherwise, and that he had sustained loss or damage thereby to the amount of one hundred and fifty dollars. On the trial, a witness for the plaintiffs, a son of the plaintiff Smith, was called, and proved a conversation between the defendant and the father of the witness, in the spring of 1855, showing a liquidation and settlement of the account for storage, and a promise to pay the sum agreed upon. The defendant called various witnesses for the purpose, among others to impeach the witness Smith, and then called a witness to contradict, and who did contradict this witness as to the quantity of potatoes that had been stored, and then offered to show, by the same witness, that these potatoes were stored under a special agreement between the parties at four cents per bushel, through the winter, and the plaintiffs were to insure the defendant against damage by frost to the potatoes; and that the potatoes thus stored were damaged by frost during

the winter, to an amount exceeding in value the price agreed on for storage. This was objected to by the plaintiffs' counsel, and the offer was overruled by the court, the evidence excluded and the defendant's counsel excepted. The judge, in his charge to the jury, stated that he had ruled out the defendant's offer as to the special agreement to insure against damage by frost, inasmuch as the defendant would be *estopped* from setting it up by his subsequent agreement, if they believed the witness by whom the subsequent agreement was sought to be proved.

To this portion of the charge the defendant excepted. The jury found a verdict for the plaintiffs, upon which judgment was entered. The General Term ordered a new trial, and the plaintiffs appealed from that order, and stipulated that if the same should be affirmed, judgment absolute might be entered against them.

The cause was submitted on printed points by

*Wait* and *Reynolds*, for the appellants.

*James Gibson,* for the respondent.

Davies, J. The only question presented for consideration in this appeal is, as to the correctness of the ruling of the judge at the trial excluding the evidence offered by the defendant. The reason given by the judge for such exclusion, in his charge, is, that if the jury believed the testimony of Smith, then that evidence was improper, inasmuch as the defendant was estopped by the agreement testified to by Smith, from setting up the agreement offered to be given in evidence by him. But this was begging the very question which the jury had to decide; and if the proposition stated was a legal and correct one, it furnished no ground for the exclusion of the evidence offered. If sound, it was eminently proper to have so said to the jury, in commenting upon the effect of that evidence, but it furnished no ground for its exclusion. Smith's testimony had been seriously impeached, and in one particular contradicted. The evidence offered by the defendant tended to weaken if not wholly to discredit it,

and if it would not have had that effect, then it was admissible, as setting up a distinct and substantive cause of defense, and which it is conceded would have been available to the defendant, unless he had done something to preclude him from availing himself of it. This it is not pretended he had done, unless he was estopped from setting it up, and whether so estopped or not, depended entirely on the testimony of Smith. If he was not credited, then the foundation of the estoppel was gone, and the relevancy of the excluded testimony is conceded. The exclusion of the testimony, therefore, necessarily assumed the credibility of the testimony of Smith; thus drawing from the jury the consideration of that question, and deciding it by the court. This is in substance conceded by the judge in his charge to the jury. Without intimating any opinion as to the effect of the evidence, and whether or not the defendant would have been estopped, by the agreement testified to by Smith, if the jury should have found that such an agreement had in fact been made, I am clearly of the opinion that the testimony offered was improperly excluded, and that the order of the General Term granting a new trial should be affirmed.

Johnson, J. (dissenting.) The jury having found that the defendant made the agreement testified to by the plaintiffs' witness, shortly before removing the potatoes, the plaintiffs were, of course, entitled to recover the amount thus agreed upon. That question was properly submitted to the jury, and there was no exception to the charge in that respect. The exception which was taken to the charge was to that part of it, only, in which the judge stated that he had ruled out the evidence offered as to the insurance upon the potatoes, and gave a reason why the defendant was not entitled to introduce it. No exception could be taken to that part of the charge, as it related only to matter not before the jury. It was simply telling the jury that the defense offered had been ruled out in the course of the trial, and there was nothing before them for their consideration but the agreement which was alleged by the plaintiffs to have been made

between them and the defendant shortly before the potatoes were removed. This was true, and furnished no ground of exception. The evidence offered having been ruled out, the question was not before the jury; and conceding that the judge in stating that fact, gave an insufficient or unjustifiable reason for having shut it out, no exception could be taken to it as it presented nothing for the jury to act upon.

The plaintiffs are therefore entitled to retain their verdict, and to have their judgment upon it, unless there was some error committed in the course of the trial, in receiving or rejecting evidence. The only ruling in this respect, complained of, is that rejecting the evidence offered of the contract of insurance of the potatoes against frost. That ruling was clearly right. It was new matter constituting, if true, a perfect defense to the action, but matter which should have been pleaded in order to entitle the defendant to prove it. No such matter had been set up or even hinted at in the answer.

The fourth answer set up distinctly an ordinary contract of bailment, and assigned as a breach the negligence and carelessness of the plaintiffs, by means of which the potatoes became frozen and injured. This is a contract entirely different from the one offered to be proved.

The contract set up in the answer, and the one offered to be proved, are altogether different, and there is no rule of law which will allow the one to be proved under a complaint or answer, counting upon, or setting up the other. They are essentially unlike in their entire scope and meaning. It seems to have been assumed by the Supreme Court that this evidence thus offered was rejected upon the ground that the defendant was estopped by reason of the new agreement from proving any other. But this does not appear from the case. No such ground of objection appears to have been taken by the plaintiffs' counsel, and the law certainly will not presume that an insufficient and untenable ground was taken, when one perfectly tenable is so obvious. It is for the party alleging error to see that the evidence of it is spread upon the record, or the contrary will be intended. It is

quite true that had the defendant set up this contract in his answers he should have been allowed to prove it, and to show, if he could, that it was still subsisting, and had not been waived or annulled by a new agreement subsequently made. As long as it was an open question whether the new agreement had been made the defendant certainly was not estopped from attempting to establish a prior agreement, and that it was still in force. But the case presents no such question. There was no such ground of objection. Even admitting that what the judge said to the jury in his charge, is to be taken as evidence of the reason which operated upon his mind in rejecting the offer, it is no evidence of the ground of the objection taken by the plaintiffs' counsel. An erroneous reason given by the judge is never permitted to affect a decision otherwise correct. But this remark of the judge to the jury affords no legal evidence whatever either of the grounds upon which the question was decided, when it was raised and passed upon, or of the grounds of the objection taken. It may afford, perhaps, plausible grounds for conjecture, but nothing more. If the objection, or the decision, was placed upon any such ground, and the defendant intended to rely upon the ruling as erroneous, it should have appeared affirmatively in the case. But the exception is to the ruling generally, which for aught we can see was perfectly correct. Of course a new trial cannot be granted or sanctioned merely because the ground of the objection to evidence offered does not appear in the case. I am of the opinion, therefore, that the order granting a new trial is erroneous, and should be reversed, and judgment ordered for the plaintiffs on the verdict.

All the other judges being for affirmance,

Judgment affirmed.